UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| A. TIMOTHY PULLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:15-CV-015 |
| v. ) | |
| ) | Judge Mattice |
| MURRAY BLACKWELDER, ) | Magistrate Judge Steger |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Before the Court is Defendant Whaley's unopposed motion for summary judgment [Doc. 33], a motion to compel discovery filed by Plaintiff [Doc. 37], and a document filed as an "objection" to the Court's show cause order, which the Court interprets as a response to the Court's show cause order [Doc. 39]. As Plaintiff has not filed a response to Defendant's motion for summary judgment, he has waived any opposition to this dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. TN. LR 7.2. For the following reasons, the motion for summary judgment [Doc. 33] will be **GRANTED** and this action will be **DISMISSED**. Accordingly, the motion to compel discovery will be **DENIED as moot** and the Clerk will be **DIRECTED** to terminate the "objection" to the Court's show cause order.

**I.    BACKGROUND**

The Court has previously summarized Plaintiff's complaint and amended complaint as follows:

> Liberally construing the complaint and amended complaint,
> Plaintiff Pullen alleges that, after an incident occurred in which

> Plaintiff Pullen was not involved, [former] Defendant Tony Hill called Sherriff Murray Blackwelder to the pod and Sheriff Blackwelder then had Plaintiff and others removed from the pod, stripped to their boxers, and returned to the pod after all of their personal belongings had been removed [Doc. 1 p. 6; Doc. 12 p. 4–5]. Plaintiff Pullen further alleges that, while stripped to their boxers, Plaintiff Pullen and the other inmates were left for twelve hours in a pod that was cold because the air was turned on, with no blankets or bedding, and that all of the inmates had to huddle in the shower with the hot water turned on in order to stay warm [Doc. 1 p. 5; Doc. 12 p. 4–5].

[Doc. 19 p. 3–4].

## II. SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotation marks omitted). The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment is an integral tool for securing the "just, speedy[,] and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of truth at trial." *Id.* at 322.

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, but rather the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id.* (alteration omitted).

### III. ANALYSIS

In his amended declaration in support of his motion for summary judgment, Defendant Blackwelder sets forth the following undisputed evidence regarding the incident at issue in Plaintiff's complaint:[1] (1) after an initial disturbance in Plaintiff's section of the jail at approximately 10:30 p.m. on November 1, 2014, an incident of unrest occurred in B Block of the Lincoln County Jail in which inmates refused to comply with orders from a jail official and began to throw objects at him and to use bedding and clothes to cover the cameras; (2) Defendant Blackwelder was notified of the unrest, ordered the inmates to comply and lock down,

---

[1] While the initial declaration filed in support of Defendant Blackwelder's motion for summary judgment was unsworn, did not state that it was made under penalty of perjury, was not certified or dated, and did not state the date of the incident it addressed [Doc. 34-1], Defendant Blackwelder has now filed an amended declaration that cured these deficiencies [Doc. 38-1].

3

Case 4:15-cv-00015-HSM-CHS   Document 40   Filed 01/12/17   Page 3 of 5   PageID #: 180

and had guards enter B Block to restore order; (4) when the guards entered B Block, half of the inmates complied with orders to get on the floor; (5) the inmates who did not comply were removed and placed in another section of the jail; (6) because inmates had used uniforms, bedding, blankets, and other items to prevent viewing, Defendant Blackwelder ordered that those items be removed "to ensure operational security and safety for everyone;" (7) inmates were allowed to keep their undershirt and underwear; (8) the items that were taken from the inmates were returned at approximately 9:15 the next morning; and (9) the temperature of the jail remains approximately seventy-two degrees year round and is never at a low setting [Doc. 38-1].

Even if the Court assumes that Plaintiff was a pretrial detainee at the time of the incident at issue, Defendant Blackwelder's amended declaration establishes that he took away the blankets, clothing, and other items due to concerns regarding security and safety. As such, the denial of these items was reasonably related to legitimate government interests and not a punishment that violated Plaintiff's constitutional rights. *Block v. Rutherford*, 468 U.S. 576, 584 (holding that where a prison condition or restriction on pretrial detainees is reasonably related to a legitimate government interest, it is not punishment and therefore does not violate a pretrial detainee's constitutional rights). Further, as Defendant Blackwell's affidavit establishes that the temperature in the jail is always approximately seventy-two degrees and never at a low setting, the temporary denial of blankets, clothing, and other items for less than twelve hours was not an extreme deprivation that violated Plaintiff's constitutional rights. *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (holding that an extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate"). Accordingly, Defendant Blackwelder has carried his burden of setting forth evidence

4

that no genuine issue of material fact remains in this action and he is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendant Blackwelder's motion for summary judgment [Doc. 17] will be **GRANTED** and this action will be **DISMISSED**. The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER SHALL ENTER**.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE